## Staunton.

### H. M. BROWNING, RECEIVER OF FARMERS AND MINERS BANK OF HONAKER, VA. v. L. E. FULLER AND J. M. FULLER.

September 19, 1929.

Absent, West, J.

The opinion states the case.

*Bird & Lively*, for the plaintiff in error.

*Burns & Griffith*, for the defendants in error.

CHICHESTER, J., delivered the opinion of the court.

This is a case in which H. M. Browning, receiver of the Farmers and Miners Bank of Honaker, Virginia, brought action against L. E. Fuller and J. M. Fuller on a certain negotiable note for $3,630.00. The jury found a verdict for the defendants and the court entered judgment thereon. There is no real conflict

in the evidence introduced in this case. The issue is really a narrow one but it has been greatly confused by a discussion of two special pleas filed in the case by the defendants and other matters irrelevant to the real issue. The facts, as we stated, are practically undisputed and the question involved becomes practically a question of law which we think the trial court has rightly decided.

The Farmers and Miners Bank of Honaker failed and went into the hands of a receivership in 1923. N. H. Plaster, gone to parts unknown, was cashier of the bank and did not testify, and while the bank was a going concern he approached the defendant, L. E. Fuller, who had an office in the same building in which the bank was located, and told him that he had thirty-three shares of the Farmers and Miners Bank stock for sale. The stock he had presumably bought for the bank from certain stockholders, whom he named. He stated he had purchasers who were then arranging to take it up, and that he would like for him (defendant) to leave his note there for a few days until the prospective purchasers took up the stock. Plaster assured the defendant that he would not have to pay the note; that he would be taking no "risk or chance or anything of the kind." The defendant, L. E. Fuller, demurred to the suggested procedure but, yielding upon pressure, gave his note for $3,630.00 to the bank with J. M. Fuller, his brother, as endorser thereon. The note was an accommodation note and was left at the bank where it was to be held until the purchasers took up the stock.

The stock was not issued to Fuller; was never delivered and also, as far as the evidence shows, it was not intended to be delivered to him or to anyone for him. As heretofore stated, the stock was to have been

delivered to the purchasers and the note was delivered to N. H. Plaster, the cashier, for the specific purpose of representing the stock until the cashier delivered the shares of stock to the real purchasers. In answer to a question propounded by the court, L. E. Fuller testified: "It was my understanding at the time I gave him (referring to the cashier) the note it was to be held there and he had application to sell the stock to other parties, and as soon as he disposed of the stock to other parties he would turn the note back to me; he had the application he said and assured me it would be turned over in a few days, and I never received anything for the note."

The stock was held by the bank as well as the note and the dividends thereon were collected by the bank and deposited to its credit as assets of the bank. The note was purely an accommodation note, at least the uncontradicted evidence so shows, and it was used undoubtedly to swell the assets of the bank, which no doubt at that time was in tottering financial condition. There was some effort on the part of the receiver to show that the stock was delivered to L. E. Fuller, and a stock receipt book was produced, a stub of which had the signature of L. E. Fuller. It was clearly shown, however, that this signature was a forgery and it was conclusively proven that it was not in the handwriting of the defendant.

It seems to us quite clear from the foregoing facts established by the uncontradicted evidence, that whatever apparent error the court may have committed in the trial of the case, that no other verdict could have been found in the case and no other judgment properly entered thereon. It is clear to us that there has been a fair trial of the case on its merits and that substantial justice has been done.

The defendants filed the plea of *nil debit* and issue

was joined thereon. They asked leave to file further pleas and later did file two. The case might well have been disposed of on the plea of *nil debit* as a large part of the petition and briefs are taken up in a discussion of these two pleas in which very little light was thrown on the merits of the case. No ground of defense was filed and none was asked for.

■ There are four assignments of error. They involve the refusal of the court to reject the special pleas; the giving of instructions asked for by the plaintiff and refused by the court; the giving of instructions asked for by the defendant and given by the court, and the refusal of the court to strike out evidence introduced by the defendants. We shall not follow counsel in their discussions of these various matters. As heretofore indicated, we think the case has been rightly decided and that no other verdict and judgment could properly have been rendered.

■■ Certainly right and justice demand that the defendants should not be required as between the bank and the defendants to pay this note. The contention that the bank was a *bona fide* holder of the note or holder in due course thereof is not tenable as between the receiver and the defendants. The note in the hands of the bank or its receiver was subject to all the defenses that might be interposed. The original party to the note, the defendant, Fuller, was not a party to any fraud and did not know of any contemplated wrong doing on the part of the cashier of the bank. He gave the note as an accommodation to the bank without receiving any consideration whatsoever therefor; the bank kept the stock, got the dividends thereon and added them to the assets of the bank.

In the case of *Webb, Receiver*, v. *Pleasants*, 144 Va. 516, 132 S. E. 175, this court held: "That as defendant

was free from any complicity in the fraud practiced by the cashier and was ignorant thereof, and as the note was a purely accommodation note for which defendant received no value whatever, as between the bank and defendant, the bank would have no standing in court in an action against defendant to recover on the note; and the receiver of the bank, suing for the benefit of creditors of the bank, stood in no better position than the bank itself."

In that case, the court cites with approval the case of *Chicago Title & Tr. Co.* v. *Brady*, 165 Mo. 197, 65 S. W. 303. At page 521 of 144 Va., 132 S. E. 175, 176 (*Webb* v. *Pleasants*), this appears: "This was a case in which the receiver of the Globe Savings Bank of Chicago sued to recover upon six promissory notes executed and delivered to the bank for its accommodation. They were wholly without consideration, were never negotiated, but came into the hands of the receiver as assets of the bank. In addition, the facts showed that they were executed for the purpose of swelling the apparent assets of the bank. The Supreme Court of Missouri held that the trial court did not err in instructing the jury that the receiver of the bank was in no better condition to recover judgment on the notes than the bank itself. The notes being without any lawful consideration at the time of their execution, no injurious consequences to the parties or others, which might afterwards have resulted from their having been made, can constitute a valid consideration, or entitle the receiver to recover thereon. It does not appear whether or not the maker of the notes knew of the purpose for which the notes were issued—that is, to swell the apparent assets of the bank. Presumably he did, because the court further held that accommodation paper is not fradulent or unlawful by reason of the

fact that it swells the apparent assets of the person to whom it is given and that others may thereby be deceived as to the financial condition of such person."

It seems to us that this disposes of the controversy here before us and that it is not necessary to enter into a discussion of the various assignments of error to which we have heretofore referred.

We conclude, therefore, that there was no error affecting the rights of the plaintiff such as would require reversal of this case, and the judgment is therefore affirmed.

*Affirmed.*